## FERNÁNDEZ v. THE PEOPLE ET AL.

### MOTION to secure appointment of receiver.

No. 1.—Decided October 21, 1909.

APPOINTMENT OF A RECEIVER PENDING THE OUTCOME OF AN ACTION.—In this case the court was asked to appoint a receiver in an action pending before the District Court of Arecibo. The court held that the fact that an appeal had been taken in the principal case did not deprive the district court of its jurisdiction to appoint a receiver for the preservation of the property pending an appeal.

ID.—APPOINTMENT OF RECEIVER BY THE SUPREME COURT.—Even supposing that the Supreme Court had the power to appoint a receiver to administer the property during the pendency of a suit, it would refuse to exercise such power so long as the district court was in a better position to act in the premises.

The facts are stated in the opinion.

*Mr. Marques* for petitioner.

*Acting Attorney General J. Henri Brown* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

After a judgment rendered against the appellants at the suit of the Succession of José Fernández the appellees made an application to the judge below for the appointment of a receiver. The court denied the petition because the suit was not before it, an appeal having been taken to this court. In opposition to the application the People of Porto Rico by the Assistant Attorney General appeared and alleged several grounds for denying the application. The first of these grounds is that this court lacks jurisdiction to name a receiver, inasmuch as The People of Porto Rico have not given their consent to be sued. Second, that this court has no jurisdiction to name a receiver. Third, that the proper court to name a receiver is the District Court of Arecibo. Fourth, that the petitioners have an adequate remedy by means of a suit at law for damages. Fifth, that the motion did not present suf-

ficient facts for the remedy prayed and on other grounds which it is unnecessary to discuss in this opinion.

It is true as alleged by appellees that by virtue of sections 297 and 298 of the Code of Civil Procedure the perfecting of an appeal stays all further proceedings upon the judgment or order appealed from or upon matters embraced therein. Section 297, however, provides that the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from. Now, the naming of a receiver, which has for its purpose the preservation of the property *pendente lite,* is not a matter embraced in the judgment. Such an application is not in furtherance of the judgment or in the nature of an execution upon the judgment. It merely aims to protect a property in the interest of all the litigants. Besides, paragraph three of section 182 provides that a receiver may be appointed by the court in which the action is pending or has passed a judgment to preserve it during the pendency of an appeal. As in the case of *Pacific R. R. of Missouri* v. *Ketchum,* 95 U. S. 2, we do not decide that no case may arise in which it will not be necessary for this court to name a receiver pending an appeal; but even if this court has such power it is not exclusive power, but also vested in the District Court of Arecibo. The district court erroneously refused to exercise such power but it is in the best position to name a receiver if such receiver is necessary. We see no reason on the facts of this case why this court should attempt to exercise a doubtful power. The People of Porto Rico also denied the jurisdiction of this court because such People of Porto Rico never consented to the bringing of an application for a receiver. It does not appear that the question of consent was raised in the court below in the principal suit; in any event this contention would have no application to the appellant, Borda. We are unwilling, in a collateral proceeding, to decide so important a question which has never

been fully argued before us, and we therefore confine ourselves to denying the motion on the ground that it is a matter more properly cognizable in the district court.

*Motion denied.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.